# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHARON YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| UNITEDHEALTH GROUP LIFE ) | |
| INSURANCE PLAN; UNITEDHEALTH ) | |
| GROUP, INC.; UNITEDHEALTHCARE ) | |
| INSURANCE COMPANY; UNITED ) | |
| HEALTHCARE SERVICES INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT[1]

**COMES NOW** the Plaintiff, Sharon Young ("Mrs. Young"), by and through her attorneys, and hereby files this Complaint against the above-named Defendants (collectively "United Healthcare"). As grounds for this Complaint, Mrs. Young states as follows:

## INTRODUCTORY STATEMENT

1.  Mrs. Young brings this action seeking redress for violations of the

---

[1] This document has been drafted by counsel for the Plaintiff on Plaintiff's behalf based on facts presented by Plaintiff but does not support the inference that Plaintiff has legal training, knowledge, or skills necessary to understand the legal terminology used herein. Furthermore, this document is intended to provide <u>notice</u> of the claims supported by the facts set forth herein. It is not intended to be an exhaustive compilation of all facts or all legal claims supported by these facts. The Plaintiff respectfully requests the Court conform these pleadings to the evidence presented at trial.

Employee Retirement Income Security Act (hereinafter "ERISA"). This suit is brought pursuant to 29 U.S.C. § 1132(a)(1) in order to secure benefits due to Mrs. Young through an Employee Welfare Benefit Plan named UnitedHealth Group Life Insurance Plan ("The Plan") and obtain other relief due to her under ERISA as specified herein.

2. Under the terms of the Plan identified herein, Mrs. Young, as spouse of Johnny Leon Young, deceased, is a defined beneficiary, participant and/or is otherwise qualified for benefits. Mrs. Young seeks any and all benefits to which she may be entitled under the Plan and applicable law, including the Dependent Accidental Death and Dismemberment benefit owed to her under said Plan.

## JURISDICTION

3. Jurisdiction is appropriate under 28 U.S.C. § 1331 in that 29 U.S.C. §1132(e) confers jurisdiction upon the district courts of the United States where, as here, Mrs. Young's claims relate to an "employee welfare benefit plan" and/or "employee pension plan" as those terms are defined within 29 U.S.C. § 1001, et. seq.

## VENUE

4. Venue is appropriate in that a substantial part of the events or omissions giving rise to the Mrs. Young's claim, including specifically enrollment in the Plan, occurred within this district and United Healthcare refused to pay her

claim in this district. Therefore, venue is proper within the Northern District of Alabama pursuant to 29 U.S.C. § 1132(e)(2) given that "the breach took place" within this district.

5. Venue is also appropriate under 28 U.S.C. § 1391(b)(2) in that the Defendants were doing business in the State of Alabama, and upon information and belief, a substantial part of the events giving rise to Mrs. Young's claim occurred within this district.

## PARTIES

6. Plaintiff Sharon Young is a resident and citizen of Jefferson County, Alabama.

7. Defendant UnitedHealth Group Life Insurance Plan is an "employee welfare benefit plan" as defined within 29 U.S.C. § 1001, et. seq., and may be served with process by serving: Office of the General Counsel, UnitedHealth Group Inc., MN008-T700, 9900 Bren Road East, Minnetonka, Minnesota 55343.

8. Defendant United Health Group, Inc. is a foreign corporation with its principal place of business in Minnetonka, Minnesota.

9. United Health Group, Inc. is a "fiduciary" of The Plan.

10. United Health Group, Inc. may be served with process by serving its designated agent for service of process: United Health Group, Inc., c/o C T Corporation System Inc., 100 S 5th Street, Suite 1075, Minneapolis, Minnesota

55402.

11. Defendant UnitedHealthcare Insurance Company is an insurance company incorporated in the State of Connecticut and having its principal place of business in Hartford, Connecticut, and is authorized to transact the business of insurance in the State of Alabama.

12. UnitedHealthcare Insurance Company is a "fiduciary" of The Plan.

13. UnitedHealthcare Insurance Company may be served with process by serving its designated agent for service of process: UnitedHealthcare Insurance Company, c/o C T Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

14. Defendant United Healthcare Services, Inc. is a foreign corporation authorized to conduct business in the State of Alabama with its principle place of business in Minnetonka, Minnesota.

15. Defendant United Healthcare Services, Inc. is a "fiduciary" of The Plan.

16. Defendant United Healthcare Services, Inc. may be served with process by serving its designated agent for service of process: United Healthcare Services, Inc. c/o C T Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

## STATEMENT OF FACTS

17. Mrs. Young began employment with United Healthcare as a Customer Service Representative on or about July 29, 1996.

18. Mrs. Young enrolled in the Plan to acquire Group Life Accidental Death and Dismemberment benefits on her husband's life.

19. Mrs. Young made all required payments under the Plan and otherwise complied with all Plan terms for maintaining eligibility for participation at all times relevant hereto.

20. Mrs. Young and Mr. Young were legally married at all times relevant hereto.

21. On or about September 30, 2012, Mr. Young died as a result of an accident where he had fallen headfirst over a retaining wall and fractured his neck.

22. Mr. Young was found at the scene with his aluminum cane and with loose concrete blocks resting on the wall near his legs.

23. In addition to these items, a single concrete block was found suspended between Mr. Young's legs and the wall.

24. According to the Coroner's Narrative in the claim file, responders to the accident scene observed this single block as having been held in place solely by Mr. Young's legs; it fell from between his legs to the ground when they started to remove his body.

25. Upon completion of an autopsy, the Coroner's office concluded Mr.

Young's cause of death to be positional asphyxia. The Coroner also found ethanol present in Mr. Young's blood.

26. The Coroner's office concluded in its report that Mr. Young's death was an "Accident," listing positional asphyxia as the "Cause of Death" and "ethanol intoxication" as a "Contributing Factor."

27. Mrs. Young submitted a claim for Dependent Accidental Death benefits pursuant to the terms of her Plan on or about October 4, 2012.

28. In a letter dated October 26, 2012, United Healthcare notified Mrs. Young of its denial of Dependent Accidental Death benefits. In denying these benefits, United Healthcare cited the following Plan language as governing the basis for its adverse determination:

> If the Defendant suffers a loss described below, We will pay the amount of insurance that applies. The Covered Person, or the Covered Person's beneficiary, must give Us proof that:
>
> 1. Injury occurred while the insurance was in force under this section;
> 2. the Sickness began while the Covered Person was insured under the Policy;
> 3. loss occurred within 365 days after the Injury; and
> 4. loss was due to Injury independent of all other causes."

29. United Healthcare informed Mrs. Young in its October 26, 2012 letter that "since Mr. Young's fall and Positional Asphyxia was not considered

6

independent of all other causes …, we are unable to approve your claim for accidental death benefits."

30. Mrs. Young appealed United Healthcare's decision to deny benefits on January 7, 2013.

31. In her appeal letter, Mrs. Young pointed out the accidental nature of Mr. Young's death as confirmed by the Coroner's office and noted that there was no exception in the policy addressing the involvement of ethanol intoxication except for a single provision that applies only to "driving while intoxicated, as defined by the applicable state law where the loss occurred[.]"

32. Mrs. Young also showed that Mr. Young's fall did not occur while he was driving a motor vehicle.

33. On May 24, 2013, United Healthcare upheld its decision to deny Mrs. Young's claim for Dependent Accidental Death benefits.

34. In doing so, United Healthcare reiterated in its letter its reliance on the provision quoted above in paragraph 28 as governing the basis for its denial of her claim, but this time added the Plan's definition of "Injury" being as follows: "A bodily Injury resulting directly from an accident and independently of all other causes."

35. United Healthcare cited no other language as supporting the basis for its denial, including any of the following exclusions the Plan explicitly identifies as

proving exceptions to coverage. In this regard, United Healthcare, after noting Alabama definition of legal intoxication in its motor vehicle code, clarified its denial as follows:

> Your letter dated May 1, 2013, states that we are denying the claim based on an exclusion that does not exist. Please be advised we are not denying the claim based on an exclusion for driving while intoxicated; we are aware Mr. Young was not driving. We are denying the claim because Mr. Young's death was not due to bodily injury independent of all other causes as ethanol intoxication contributed to his death. As the information in the claim file supports that the loss was not due to an injury independent of all other causes, we my deny the claim and no benefits are payable to the beneficiary.

36. United Healthcare's denial of Mrs. Young's claim was patently wrong and without any arguable or reasonable basis, thus causing that decision to be arbitrary and capricious.

37. Among other things, United Healthcare erroneously applied a non-existent "intoxication exclusion" to Mrs. Young's claim by denying her claim on the ground that ethanol intoxication alone negated coverage for Mr. Young's accidental death.

38. United Healthcare also denied Mrs. Young's claim without any evidence supporting its conclusion that Mr. Young had acted in any way so as to intentionally bring about his own death.

39. Moreover, United Healthcare misapplied Alabama law to its

8

construction of the policy's terms in its determination as to whether Mrs. Young's claim was payable under the provisions cited in its two written claims decisions.

40. In administering Mrs. Young's claim, United Healthcare acted contrary to ERISA by failing to vindicate its fiduciary obligations and engaging in a self-interested and biased claims review that deprived Mrs. Young of her right to a full and fair review of her benefits claim.

41. United Healthcare further violated its own policies and procedures in its administration of Mrs. Young's claim.

42. United Healthcare failed to provide Mrs. Young with a meaningful opportunity for a full and fair review of her claim as required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.

43. Among other things, United Healthcare refused to provide Mrs. Young with relevant documentation concerning her Plan and her claim generally which controlled how her claim was administered.

44. United Healthcare's decision process did not comport with 29 U.S.C. § 1133's requirement that any notice of the denial must contain the specific reasons for such denial, written in a manner calculated to be understood by the participant, and comporting with Department of Labor Regulations.

45. United Healthcare, being a conflicted claims administrator responsible for both deciding the claim and paying the claim, rendered a claims decision that

was the product of it allowing its own financial interests to supersede its fiduciary obligations to Mrs. Young. Under *Glenn*, this presents an additional reason for its claims decision being set aside and application of a de novo review standard.

46. United Healthcare's claim file also indicates that it considered the applicability of ERISA before making its decision as a part of assessing its risk if its decision was challenged under 29 U.S.C. § 1132(a). This presents an additional reason for application of a *de novo* standard to their claims decision and setting aside the claims decision.

47. There is no proper grant of discretionary authority which would support a deferential review standard.

48. Mrs. Young has exhausted all her Plan remedies in pursuit of her benefits sought in this action. This action is, therefore, ripe for judicial consideration.

## COUNT I

### CLAIM FOR RELIEF PURSUANT TO 29 U.S.C. § 1132(a)

49. Mrs. Young adopts and incorporates all of the paragraphs above as though fully set forth herein.

50. The Plan is deemed "employee welfare benefit plan" and/or "employee pension plan" as those terms are defined in 29 U.S.C. § 1001, et. seq.

51. Mrs. Young is a "participant" and a "beneficiary" in the employee welfare benefit and/or pension plan as those terms are defined under 29 U.S.C. § 1001, et. seq.

52. Mrs. Young's claim is due to be paid under the terms of the policy and Plan in that the death of her husband Mr. Young was accidental consistent with policy and Plan language and was not the result of any intent by Mr. Young to bring about his own death.

53. Mrs. Young's claim is not subject to any exception or exclusion included in the policy or Plan.

54. United Healthcare's decision making process did not comport with 29 U.S.C. § 1133's requirement that any notice of the denial must contain the specific reasons for such denial, written in a manner calculated to be understood by the participant, and must comport with the Department of Labor Regulations.

55. Due to the presence of bias and other factors identified above, United Healthcare's decision-making process did not provide a reasonable opportunity to Mrs. Young for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1 as alleged above in this Complaint.

56. The appellate procedures did not provide Mrs. Young with a full and fair review as alleged above in this Complaint.

57. United Healthcare's actions were unreasonable and/or arbitrary and capricious and in violation of the terms of the employee welfare benefit plan/insurance policy as alleged above in this Complaint.

58. United Healthcare's claims process and claims decisions were tainted by its conflict of interest which motivated it to deny Mrs. Young's claim as alleged above in this Complaint.

59. As a direct and proximate result of the conduct of United Healthcare in failing to provide accidental death benefits, and in failing to provide a full and fair review of the decision to deny benefits and/or terminate benefits, Mrs. Young has been damaged in the amount equal to an amount of benefits to which Mrs. Young would have been entitled under The Plan(s), inclusive of interest pursuant to the Plan document. Mrs. Young is further entitled to an award for the costs and expenses of this suit, and additional damages to be proven in the trial of this matter.

## COUNT II

### FAILURE TO PROVIDE DOCUMENTS
### UNDER 29 U.S.C. § 1132(c)

60. Mrs. Young adopts and incorporates the Paragraphs above as though fully set forth herein.

61. United Healthcare was requested to provide documents pursuant to 29 C.F.R. 2560.503-1(h)(2)(iii), which form the basis of the Defendants' wrongful denial of accidental death benefits to Mrs. Young.  This regulation required that Mrs. Young be provided copies of "all documents, records and other information relevant to claimant's claim for benefits." 29 C.F.R. 2560.503-1(m)(8) defines "relevant" as it is used in 29 C.F.R. 2560.503-1(h)(2)(iii), as all documents, records or other information which was "relied upon in the making of the benefit determination" or "was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such documents, record or other information was relied upon in making the benefit determination", and "demonstrates compliance with the administrative process and safeguards required."

62. Despite repeated requests for such documents that include, for example, United Healthcare's claims administration policies and procedures and documents exchanged with or generated by its lawyers in connection with the administration of this claim and the claims decision made, United Healthcare failed to provide the documents as required pursuant to 29 U.S.C. § 1132(c) and 29 C.F.R. 2560.503-1(h)(2)(iii).

63. As an ERISA fiduciary, United Healthcare was responsible for providing timely, accurate and complete information and documents to Mrs. Young.

64. Pursuant to 29 U.S.C. § 1132(c), United Healthcare is liable to Mrs. Young for penalties in an amount up to One Hundred Ten Dollars ($110) per day from thirty days after the first request for the materials.

## PRAYER FOR RELIEF

WHEREFORE, Mrs. Young respectfully requests this Court find jurisdiction and venue appropriate, and after trial, grant Mrs. Young the following relief:

a. Award Mrs. Young benefits due under the terms of the Plan pursuant to 29 U.S.C. § 1132(a)(1);

b. Award Mrs. Young amounts due for United Healthcare's failure to provide documents as required pursuant to 29 U.S.C. § 1132(c) and 29 C.F.R. 2560.503-1(h)(2)(iii);

c. For a judgment against Defendants awarding Mrs. Young prejudgment interest (pursuant to ERISA and Alabama's prejudgment interest statute), costs and expenses, including the reasonable attorneys' fee as permitted under 29 U.S.C. § 1132(g)(1);

e. For an order finding Defendants jointly and severally liable for the breaches described herein;

f. For an order requiring Defendants to provide Mrs. Young with any additional benefits to which she would be entitled pursuant to a finding that the Mrs. Young is a participant under the Plan;

g. Such other relief as may be deemed just and proper.

Respectfully submitted,

/s/ Thomas O. Sinclair
Thomas O. Sinclair
M. Clayborn Williams
SINCLAIRWILLIAMS LLC
2100A Southbridge Parkway
Suite 336
Birmingham, AL 35209
T: 205.868.0818
F: 205.868.0894
E: tos@sinclairwilliams.com
   mcw@sinclairwilliams.com

**Defendants to be served via certified mail at the following addresses:**

United Health Group Life Insurance Plan
Office of the General Counsel
UnitedHealth Group, Inc.
MN008-T700
9900 Bren Road East
Minnetonka, MN 55343

UnitedHealth Group, Inc.
c/o C T Corporation System Inc.
100 S 5th Street
Suite 1075
Minneapolis, MN 55402

UnitedHealthcare Insurance Company
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

United Healthcare Services, Inc.
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104